CURTIS CARROLL, plaintiff in error, *vs.* WILLIAM H. ROBERTS, defendant in error.

It·is not error in the Court in its charge to the jury to state, that certain portions of the testimony, the admissibility of which was objected to, during the progress of the trial, was *competent* proof; leaving its sufficiency to be passed upon by them.

Assumpsit, in Thomas Superior Court. Tried before Judge COCHRAN, at June Term, 1857.

This was an action by William H. Roberts, against Curtis Carroll, for the recovery of damages for breach of warranty of the soundness of a negro sold by Curtis to Roberts.

During the trial, defendant excepted to many of the rulings and decisions of the presiding Judge, and to his charge to the jury.

The jury found for the plaintiff six hundred dollars,·with interest from the date of the bill of sale.

Upon the hearing and argument in the Supreme Court, counsel for plaintiff in error, abandoned all the exceptions, but the one relating to that part of the charge, in which the Judge stated to the jury, that the opinions of practicing physicians, were competent evidence.

COLE, for plaintiff in error.

McINTYRE & YOUNG, represented by I. L. HARRIS, for defendant in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

The only question in this case is, whether it is error in the Court to charge the jury, that certain portions of the testimony which have been submitted during the trial is, competent evidence?

The complaint is, that the jury may have misunderstood the Judge ; and have supposed that he meant, that the proof referred to, was sufficient to control the case.   And it is possible that such may have been the fact.   There is no proof, however, of any such misapprehension.   It is mere conjecture, without any showing from the jury itself or from any other quarter to support it.

Besides it was the duty of counsel at the time, to have called the attention of the Judge to the subject, to have suggested at least the possibility of a mistake, in order that it might be explained.   In the absence of all testimony to the contrary, we are bound to presume, that the jury understood the Judge: and if so, it was not error to state to them that certain evidence, the admissibility of which was objected to during the progress of the trial, was competent; leaving its sufficiency to be passed upon by them.

Judgment affirmed.